[L. A. No. 918.   In Bank.—February 20, 1901.]

KATE S. VOSBURG, Respondent, v. JOHN S. VOSBURG, Appellant.

Divorce—Custody of Children—Modification of Decree—Disobedience to Orders—Appeals—Dismissal.—The disobedience of the defendant in an action of divorce to orders of the court requiring him to bring a child, who was in the state of New York, into this state, whose custody was awarded to him by the decree, and was subsequently awarded to plaintiff by a modification of the decree, after defendant had obtained the judgment of a New York court awarding the custody of the child to him, is not a legal ground for dismissing his appeals from the decree and from an order denying a new trial and from the order modifying the decree.

MOTION to dismiss appeals from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial, and from an order modifying the judgment. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Works & Lee, for Appellant.

J. S. Chapman, and Charles Silent, for Respondent.

McFARLAND, J.—This case is before us on a motion of respondent to dismiss three appeals of appellant—from the judgment, from an order denying a motion for a new trial, and from an order made subsequently to the judgment modifying the decree as to the care and custody of the minor children of the parties.   The action is for divorce brought by the wife against the husband, and was commenced in the superior court of Los Angeles county in this state, where the parties resided.   By the judgment plaintiff was granted a divorce, and it was decreed that of the three minor children of the parties, plaintiff should have the custody of the two younger and defendant the custody of the eldest, a son named Roydon.   It was found by the court that before the commencement of the action defendant had taken the boy Roydon to the state of New York upon a promise to plaintiff that he would return the child in the

fall of the year 1898, but that he did not comply with the promise and had kept him in New York; and it was decreed that defendant should bring said boy back to Los Angeles and keep him within the jurisdiction of the court, and allow the plaintiff to have his society at certain stated times, and that upon defendant complying with that part of the decree he should have at stated times the society of the two children whose custody was awarded to plaintiff. Defendant made a motion for a new trial, and it having been denied he appealed from the judgment and from the order denying said motion. Afterward, plaintiff filed a petition alleging that defendant had not brought Roydon back to California, but still kept him in New York, and praying for further direction as to the control of the children. Defendant appeared and contested the petition, and the court, on July 7, 1900, made an order giving the custody of Roydon to plaintiff, and again directing defendant to bring him to California. From this order defendant also appealed.

The present motion to dismiss these appeals is based on the records on appeal, and on an affidavit of plaintiff in which certain facts are stated, the most important ones being that defendant has not obeyed the order of July 7th, and has not brought the boy Roydon to California or within the jurisdiction of said superior court; that his refusal to obey said order is without excuse; that he keeps said Roydon in New York, and stays there himself for the purpose of preventing said superior court or this court on appeal from executing or compelling obedience to the judgment already given, or to any judgment which may be given with respect to the custody of said Roydon unless it be agreeable to him; and that he is speculating on the results of his appeals, and is thus guilty of contempt of courts. It further appears by the affidavit and the findings of the court that the appellant also took one of the younger children to New York at the time he took Roydon, and that on a *habeas corpus* proceeding instituted by respondent before a New York court the custody of said Roydon was awarded to appellant. These statements in the affidavit of plaintiff constitute, substantially, the grounds upon which the motion to dismiss the appeals is based.

The situation as above set forth seems to afford the appellant some advantage which perhaps a party, under the circumstances, should not have; but we cannot see that it presents any legal ground for dismissing the appeals.

In determining the motion we do not deem it necessary to pass on some of the points made by appellant—as, for instance, that there was no jurisdiction to make any order as to the custody of the child out of the state; that pending the appeal from the judgment there was no authority in the court to change it by the order of July 7th; that this motion depends on questions of fact which were litigated at the main trial, and can be properly considered here only on an appeal from the judgment; and that the adjudication of the New York court on *habeas corpus* is conclusive as to the custody of the boy Roydon. Assuming, for the purposes of this opinion, that respondent's views on these matters are correct, still the case presented does not warrant a dismissal of the appeals. It certainly does not present one of the grounds for dismissing an appeal prescribed either in the code or the rules of this court; and it seems to be admitted that there is no precedent for a dismissal for the reasons here relied on. It is contended that there should be applied to this motion the principle upon which certain appeals in criminal cases have been dismissed, because the appellant had broken jail and disappeared; but this contention cannot be maintained. In *People v. Redinger*, 55 Cal. 290,[1] the leading case on the subject in this state, many of the authorities are reviewed, and the decision is put mainly on the grounds that a criminal action can proceed only when the accused is in custody, either actual or constructive; that he has the right "to appear and defend in person and with counsel," and that although our code prescribes that "the defendant need not personally appear in the appellate court," still "he has no longer the right to appear by counsel when he has escaped from custody until he has returned to custody"; that by breaking jail and escaping he had waived the right to have counsel appear for him and had waived his right of appeal; and that courts are not required "to encourage escapes and facilitate the evasion of the justice of the state by extending

---

[1] 36 Am. Rep. 32.

to escaped convicts the means of reversing their convictions."
In such a case the defendant, by an act done after judgment,
has so changed his status as to make the execution of the judg-
ment impossible. But there is no such situation in the case
at bar. The status of appellant and of the boy Roydon is ex-
actly the same as it was at the rendition of the judgment and
order from which he appeals. Whatever part of the judg-
ment was enforceable at the time it was rendered, and at the
time the appeals were taken, would, in like manner, be en-
forceable upon its affirmance.

In addition to the specific grounds for dismissing appeals
prescribed by statute and rules of court, an appeal will also
sometimes be dismissed where it clearly appears that the judg-
ment has been satisfied or the case settled, so that there is
no dispute remaining between the parties, and no actual con-
troversy pending; but no such condition appears in the case
at bar. And, moreover, we cannot see any other general ground
upon which this motion to dismiss can be placed.

The motion to dismiss the appeals is denied.

Temple, J., Henshaw, J., Garoutte, J., and Harrison, J., con-
curred.