[No. 29862. Department One. March 21, 1946.]

VIRGINIA M. PIKE, *Appellant,* v. RANDYL L. PIKE, *Respondent.*[1]

[1]Reported in 167 P. (2d) 401.

*Hill, Newman & Cook,* for appellant.

*Bassett & Geisness,* for respondent.

SIMPSON, J.—This case comes to us upon a motion filed in this court by respondent. The motion asked for an order compelling appellant to show cause why she should not deliver to respondent two children of appellant and respondent who had been awarded to respondent by the trial court in a divorce proceeding, and that, in the event appellant did not so deliver the children, she be punished for contempt and her appeal dismissed.

An order to show cause why the motion should not be granted was issued by the chief justice of this court. A copy of the order was served upon counsel for the appellant. Appellant, appearing specially through her attorney, challenges the jurisdiction of this court to entertain the motion and then moves that the service of the order to show cause

be quashed. Appellant then shows by affidavit that the respondent had threatened the appellant with great bodily harm, is a dangerous person to have the custody of the children, and has repeatedly told appellant that, if he secures the custody of the children, he will remove them from the state of Washington.

Appellant's affidavit makes the additional showing that the children are well cared for, in a good environment, and are receiving proper instruction and school training. Appellant has refused to disclose the present abode of herself and children.

The record on appeal discloses certain facts necessary to be related at this time. Respondent and appellant intermarried May 4, 1935. The parties have two children, one age nine, and the other age seven years. Appellant instituted suit for divorce. A trial was had, findings of fact and conclusions of law were made, and an interlocutory order of divorce was entered. By the terms of the order, a divorce was granted respondent, and he was given the care, custody, and control of the children, subject to the right of appellant to visit them and to have them in her care at certain times. The interlocutory decree was entered, and notice of appeal to this court was given November 2, 1945. On November 5, 1945, two hundred dollars as cash bond on appeal was deposited with the county clerk. It was subsequent to that date that appellant removed the children from their home and placed them at a place unknown to either respondent or her attorney.

It is respondent's contention that this court has jurisdiction to and should compel obedience to the mandates of the trial court, as reflected in the interlocutory order. Appellant, on the other hand, takes the position that this court is without jurisdiction. Her counsel gives two reasons for their contention: first, that the appellant was not personally served with the order to show cause issued out of this court; and, second, that this court has only appellate jurisdiction and cannot pass upon motions relative to the enforcement of the judgment rendered in the superior court.

· The relief sought in the present proceedings has to do with litigation that is not concluded and involves the enforcement of the original decree pending appeal.

■ Jurisdiction of the courts in divorce matters continues after the rendition of the decree, and the courts, subject of course to certain limitations, may at any time make orders concerning the subject matter of the action. *Poland v. Poland*, 63 Wash. 597, 116 Pac. 2; *Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634; *Bedolfe v. Bedolfe*, 71 Wash. 60, 127 Pac. 594; *Harris v. Harris*, 71 Wash. 307, 128 Pac. 673; *Beers v. Beers*, 74 Wash. 458, 133 Pac. 605; *Croft v. Croft*, 77 Wash. 620, 138 Pac. 6; *State ex rel. Jones v. Superior Court*, 78 Wash. 372, 139 Pac. 42; *Cooper v. Cooper*, 83 Wash. 85, 145 Pac. 66.

■ Mr. Lee L. Newman of the Seattle bar has been acting for appellant since the inception of this litigation, and it was upon Mr. Newman that service of our show cause order was had. Service of process respecting active actions may be made upon attorneys of record in litigation that has not been finally concluded. *Sturgiss v. Dart*, 23 Wash. 244, 62 Pac. 858; *Dane v. Daniel*, 28 Wash. 155, 68 Pac. 446; *In re Force*, 113 Wash. 151, 193 Pac. 698; *Harju v. Anderson*, 125 Wash. 161, 215 Pac. 327.

It is true that the cases just cited refer to proceedings relative to the vacation of judgments. However, the principle is the same in this and cited cases, in that in each we find contentions relative to the case that has not been finally concluded. We hold that the service of the order to show cause issued out of this court upon counsel for appellant was proper and was, in effect, service upon appellant.

The next question for consideration is whether this or the superior court has jurisdiction to determine the question presented.

■ It is the rule in this state that after appeal has been perfected, the trial court loses all jurisdiction of the matters concerned in the case except those provided for in the law relating to appeals. *Irving v. Irving*, 26 Wash. 122, 66 Pac. 123; *State ex rel. Davenport v. Poindexter*, 45 Wash. 37, 87

Pac. 1069; *Gust v. Gust,* 71 Wash. 75, 127 Pac. 566; *State ex rel. Clark v. Superior Court,* 90 Wash. 80, 155 Pac. 398; *State ex rel. Wilkerson v. Superior Court,* 108 Wash. 15, 183 Pac. 63.

The decision of this court in the *Irving* case is controlling here. In that case, disposition of the child was made in the divorce proceedings, and an appeal from the order of the superior court was taken to this court. Thereafter, one of the parties to the action petitioned the superior court to change the custody of the child. To that petition a plea in abatement was presented, setting up the matters relating to the appeal taken to this court. The trial court changed the custody of the child, and an appeal was taken from that order. In passing upon the question this court stated:

"The appellants contend that the court erred in sustaining the demurrer to the plea in abatement, and in our opinion this contention must be sustained. The statute permits an appeal from orders and judgments of this character. The statute also provides (§ 6515, Bal. Code) that upon the taking of an appeal by notice, and the filing of a bond to render the appeal effectual, the supreme court acquires jurisdiction for all necessary purposes, and has control of the superior court and all inferior officers in all matters pertaining thereto. The subject-matter of controversy in both these petitions was the right to the custody of the minor child. When, therefore, the final judgment was entered in the superior court, and an appeal therefrom was taken to this court, jurisdiction over the subject-matter of the controversy was taken from the superior court and vested here, and this court alone had power, during the pendency of such appeal, to make orders with relation thereto."

In the *Davenport* case, a writ of *habeas corpus* applied for in this court was denied, where the custody of a minor child had been awarded to the mother, and appeal had been taken from that order and a supersedeas bond filed, the court holding that the filing of the supersedeas bond did not give the parties in whom the custody had rested at the time of the commencement of the action the right to resume such custody. In passing upon the question presented this court stated:

"In such a proceeding as this, we do not think the giving of a supersedeas bond has any effect whatever upon the possession, custody and control of the minor children in question. It being presumed that the order of the trial judge was correct, and that he was actuated by a consideration for the minor's welfare, it would be against public policy to have that welfare imperiled during an appeal, in the absence of a statute clearly permitting the staying of such orders. The trial court had jurisdiction to take said children into its possession, if it believed that their physical or moral welfare or other substantial interests necessitated such action. When the appeal was perfected, this court became invested with jurisdiction to make such orders as the welfare and necessities of said minors might demand. If, as contended by relator, the present situation of these minors is so unsuitable as to menace their physical or moral welfare or other substantial interests, the question of an appropriate change could doubtless be considered by this court upon a proper showing."

▇▇ It is our conclusion that the superior court lost jurisdiction in this case at the time appeal was perfected, and that the power to determine any matters connected with the case was immediately transferred to this court.

The last question presented is whether the appeal should be dismissed because of the failure of appellant to comply with the order of the trial court respecting the care, custody, and control of the children. Our attention has been called to *Jones v. Jones*, 75 Wash. 50, 134 Pac. 528. That was a divorce case in which the trial court directed that certain property in Vancouver, B. C., should be deeded to the defendant by the plaintiff. An order was also entered restraining plaintiff from leaving the county in which the action was instituted, until the further order of the court. Plaintiff, however, departed from the jurisdiction of the trial court and did not execute the deed as directed. We held that the plaintiff was not guilty of contempt because of two facts: first, that the direction relative to the deed was not binding upon plaintiff in that the court first stated that, if the deed was not made and deposited, a money judgment would be entered against plaintiff in lieu thereof, and

". . . after the appellant and his counsel had departed from the presence of the court, the court announced that

the deposit of the deed would not be optional; but that the appellant would be required absolutely to deposit the deed or subject himself to a penalty for contempt."

And, second, that the order requiring plaintiff to remain within the jurisdiction of the court was only an interlocutory order which was not carried into the final judgment and therefore had no binding effect. The court then went on to *assume* that plaintiff was in contempt, and upon that assumption held that the appeal should not be dismissed, and in so doing based its opinion upon *Vosburg v. Vosburg,* 131 Cal. 628, 63 Pac. 1009, and said that it was ". . . in many respects similar to the one presented." (*Jones v. Jones.*)

It appears that Vosburg took his son, Roydon, to the state of New York. Subsequently, his wife successfully sued him for divorce, and among the orders made there was one directing him to return the boy to the state of California. Vosburg appealed from all orders made, including the one just mentioned. Motion was made to dismiss his appeal on the ground that he was in contempt, and reliance was had on the rule customarily enforced when one under criminal sentence attempts an appeal although he has fled the jurisdiction. The reason for this rule is based upon the fact that, if the conviction should be sustained with the defendant absent from the jurisdiction, the judgment could not be executed. In refusing to apply the criminal appeals rule, the court said in the *Vosburg* case:

"In such a case the defendant, by an act done after judgment, has so changed his status as to make the execution of the judgment impossible. But there is no such situation in the case at bar. The status of appellant and of the boy Roydon is exactly the same as it was at the rendition of the judgment and order from which he appeals. Whatever part of the judgment was enforceable at the time it was rendered, and at the time the appeals were taken, would, in like manner, be enforceable upon its affirmance."

The situation in the case at bar is quite different. In the *Vosburg* case, the appellant merely failed to perform the order of the court. In this case, the appellant has done

more than disobey the judgment of the court by an affirmative act done after decision of the trial court. She has made the execution of the judgment impossible.

The study of the *Jones* case reveals that the decision was *dicta,* in that it was grounded upon supposed facts which did not exist and was not based upon a case in which the facts were similar. It is evident from the following quotation from *State v. Schrader,* 135 Wash. 650, 238 Pac. 617, 243 Pac. 10, that we have not considered the *Jones* case to negative the right to dismiss an appeal in a case where the appellant is guilty of contempt of court:

"We have not overlooked respondent's motion to dismiss the appeal. It is based on the ground that appellant escaped from the hospital for the insane, left the jurisdiction of the court, and remained away for a number of years. *State v. Handy,* 27 Wash. 469, 67 Pac. 1094, and *Jones v. Jones,* 75 Wash. 50, 134 Pac. 528, are cited in support of the motion. These cases are not controlling. In the first case cited, the facts were that the appellant had escaped from jail after his conviction and pending his appeal to this court, and at the time of the hearing he was still at large. We said:

" 'It has been uniformly decided that an appellate court would refuse to hear a criminal case on an appeal or writ of error where appellant or plaintiff in error has escaped and is not within the jurisdiction and control of the court below, either actually by being in custody, or constructively by being out on bail.'

"The same doctrine is laid down in the second case cited."

■ The well-determined rule in criminal cases is that he who flees the jurisdiction waives his right to appeal. *State v. Handy,* 27 Wash. 469, 67 Pac. 1094; *State ex rel. Soudas v. Brinker,* 128 Wash. 319, 222 Pac. 615.

■ The reason upon which the rule in criminal appeals is founded applies in the instant case. Due to the contumacy in removing the children from their home and so artfully concealing their place of abode that even appellant's own attorney does not know where they live, that portion of the decree relative to the care, control, and custody of the children cannot be executed. However, we are not disposed to dismiss this appeal at the present time, but prefer to follow the usual practice in such cases, as indicated in

*Helard v. Helard,* 22 Wn. (2d) 950, 155 P. (2d) 499, by making an order dismissing the appeal, to take effect on a certain day, unless in the meantime the appellant complies with the interlocutory order made by the trial court. In conformity with such practice, the appeal in this case will be dismissed within ten days after the effective date of filing this opinion, unless before that time appellant returns the children to their father in accordance with the interlocutory order.

DRIVER, C. J., MILLARD, and STEINERT, JJ., concur.

MALLERY, J., dissents.

[1]Reported in 167 P. (2d) 405.