CAPARRA COUNTRY CLUB, Petitioner, v. PUERTO RICO PLAN-NING, URBANIZING AND ZONING BOARD, Respondent.

No. 28. Argued September 24, 1952.—Decided November 12, 1952.

*Jorge Luis Córdova, H. Ramos Mimoso* and *José L. Novas* for petitioner. *Rafael R. Fuertes, A. Sandín del Manzano* and *José E. Nieves,* for respondent.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

The petitioner Caparra Country Club has filed before this Supreme Court a petition for review whereby it requests that we set aside a decision of the Puerto Rico Planning Board of March 5, 1952, authorizing the issuance of a construction permit sought by the petitioner but on condition that the petitioner build a street pursuant to specifications set down by said Board. On March 17, 1952, the petitioner requested the Board to reconsider its former decision and the Board, by its resolution of June 8, 1952, denied the motion for reconsideration. The petition for review brought by the petitioner was filed with this Court on August 22, 1952. The said Planning Board has filed a motion requesting that the writ be denied on the ground that the petition was not filed within the period of time prescribed by the Act known as the Puerto Rico Planning Act, inasmuch as, according to the Board, the petition for review was filed in this Court over fifteen days after the petitioner had been notified of the decision denying its motion of reconsideration. The motion of the Board requesting that no writ be issued is to all intent and purposes a motion to dismiss the remedy asked for.

In its motion the Board sets forth that its resolution of June 8, 1952 was notified on July 9 of the same year to the party directly concerned, that is, the Caparra Country Club, by sending through the mail a certified copy of said resolution to the address of the petitioner, Caparra Country Club, which, as it appears from the records filed with the Board, is P. O. Box 4626, San Juan, Puerto Rico; and the Board alleges that despite the fact that on August 8, 1952 one of the attorneys of the petitioner went personally to the Board and there obtained a certified copy of the latter resolu-

tion of the Board, and that not more than fifteen days had elapsed from August 8, 1952 to the date when the petition was filed, however, those statutory fifteen days have long elapsed since July 9 of the present year, date on which the petitioner was directly notified by mail of said resolution.

In its answer to the motion of the Board the petitioner admits the facts alleged in same but alleges that the fifteen statutory days should be computed from August 8, 1952, the date on which the attorneys of the petitioner were notified, and the petitioner cites the case of *Rodríguez* v. *Fonalledas*, 71 P.R.R. 783, in support of its contention.

The problem in this case consists in determining whether the fifteen days prescribed by § 26 of Act No. 213 of 1942 (Sess. Laws, p. 1106) as amended by Act No. 434 of 1951 (Sess. Laws, p. 1226) for requesting a review before the Supreme Court of a resolution of the Board, should be computed from the date on which the attorneys of the interested party were notified, or from the former date on which the party was directly notified.

Section 18 of said Act referring to the Puerto Rico Planning Board, as amended by Act No. 388 of May 11, 1950 (Sess. Laws, p. 904), insofar as pertinent provides as follows:

"The Board shall send to all interested officials or individuals certified copies of all resolutions adopted by the Board which concern such officials or individuals."

Section 26 of the same Act, as amended by Act No. 434 of May 14, 1951, (Sess. Laws, p. 1226) provides insofar as pertinent as follows:

"Any party directly interested in the issuance or refusal of a building, sanitary, building or land-use permit, or in the actions, resolutions, approvals, refusals and disapprovals regarding subdivision cases or plans, against which a petition for reconsideration has been requested of the Puerto Rico Planning Board within the term of fifteen (15) days and on which a resolution and decision has been entered thereon by the Board, as the case may be, may present within the term of fifteen (15)

days on and after the date of notification of such resolution or decision of the Board, certified copies of any such resolutions or decisions for review before the Supreme Court of Puerto Rico; *Provided,* That said review before the Supreme Court, which has exclusive jurisdiction to review said resolutions or decisions, may be granted and shall be limited exclusively to questions of law."

Section 17 of Planning Regulations No. 1 partly reads as follows:

"The Board shall send to every official concerned[1] certified copies of all the resolutions adopted by it concerning said official or individual; by official or interested individual shall be understood he who appears as a party directly concerned in accordance with the records of the case. It shall be the duty of every party directly concerned to submit to the Board his exact address for due notification of the resolution adopted and failure to do so will relieve the Board of the notification, as it has been formerly established."

In the case of *Rodríguez* v. *Fonalledas, supra,* it was decided that notice by mail of a judgment is not completed by mailing same when the envelope is not addressed to the attorney as required by law but rather to the aggrieved party, and it is further held that the term to file an appeal should be computed from the date on which the attorney is notified and not from the date on which the interested party has been notified. If the latter case were applicable to the instant case the petition for review would have been timely filed in this Court, that is, within a term of fifteen days computed from the date of the service of the resolution on the attorneys for the petitioner. However, in the very case of *Rodríguez* v. *Fonalledas,* the scope of the opinion is thus explained:

"This case is governed by § 1 of Act of March 11, 1908, as amended by Act No. 2 of March 14, 1929, found in the Code of Civil Procedure, 1933 ed., p. 137. Section 1 provides that 'in all cases where an appeal may be taken, as provided by this section, it shall be the duty of the secretary of the court to send to the aggrieved party, or to his attorney, upon the rendering of

[1] It should read "official or interested party."

such appealable sentence or decision, a written notice informing said aggrieved party that such sentence or decision has been rendered; and a copy of said notice shall be filed with the record of the case. The time for the filing of the appeal shall begin to be counted from the date on which such notice was filed.' We have interpreted § 1 to mean that in cases like the instant case service on a party is proper only if he is not represented by counsel. Where the record shows that a party has an attorney, the Secretary is required to serve the attorney. *Angleró* v. *Trigo,* 48 P.R.R. 187; *Jusino* v. *Masjuán,* 46 P.R.R. 484."

It is pointed out in the opinion that § 1 of the Act of March 11 of 1908 (Sess. Laws, p. 168), as amended by Act No. 2 of March 14, 1929 (Sess. Laws, p. 122), which regulates the appeals from judgments of the former municipal court in civil actions is applicable to an appeal from the former district courts to this Court in actions for claims of wages.

In deciding in *Rodríguez* v. *Fonalledas, supra,* that it is the duty of the Clerk of the court to notify the attorney of the party and not the party itself, this Court bases its opinion on the cases of *Angleró* v. *Trigo, supra,* and *Jusino* v. *Masjuán, supra.* The former was based in turn on the case of Jusino and on the case of *Zaragoza et al.* v. *López,* 16 P.R.R. 788, in which cases this Court decides that the service of the notice of appeal under the Code of Civil Procedure is controlled and governed by the general provision contained in § 324 of said Code, which provides that in every case in which a party is represented by counsel the delivery of documents should be made upon the attorney *instead of the party.* (Italics ours.)

The decision in the case of *Rodríguez* v. *Fonalledas, supra,* is determined by what is provided specifically and expressly in § 324 of the Code of Civil Procedure. Said Section applies exclusively to procedures before courts of justice. The procedure to be followed in cases such as the instant case should be governed not by said § 324 but rather by the Planning Act which is a special statute approved subsequently to § 324. The procedure to be followed as to petitions for review of

decisions or resolutions of agencies or administrative Boards should be that established in the special Act specifically referring to that Board or administrative agency. When a statute establishes a procedure for the judicial review of an administrative action, the right to appeal should be determined and governed, as to terms and procedural requirements, by that same special statute and by the valid regulations that may be approved in compliance therewith. *Levers* v. *Anderson,* 326 U. S. 219; *Stark* v. *Christie,* 19 A. 2d 716; *Hartford Accident & Indemnity Co.* v. *Christensen,* 223 S.W. 2d 45; *Nichols* v. *Commissioner,* 160 S. E. 854; *Alton Ry. Co.* v. *Illinois Commerce Commission,* 95 N.E. 2d 76; in which latter case it is decided that appeals from administrative decisions are purely statutory and the special statute which creates said right of appeal should be followed and observed. See also, 73 C.J.S. 517, 539; Parker, *Administrative Law,* p. 254; *American Power & Light Co.* v. *Securities Exchange Commission,* 325 U. S. 385.

In *National Labor Relations Board* v. *Cheney Lumber Co.,* 327 U. S. 385, 388, the Supreme Court of the United States says as follows:

"When judicial review is available and under what circumstances, are questions (apart from whatever requirements the Constitution may make in certain situations) that depend on the particular Congressional enactment under which judicial review is authorized. . . . [for example] No objection that has not been urged before the Board, . . . . . shall be considered by the court, . . . . . We have heretofore had occasion to respect this explicit direction of Congress. *Marshall Field & Co.* v. *Labor Board,* 318 U. S. 253."

In the case of *In re Sidell,* 80 N.E. 2d 203, it is decided that the rules in regard to appeals in courts of justice are not applicable to administrative agencies which are not courts, and that a statute referring to notices of appeals from court decisions is not applicable to administrative agencies. The Act of March 11 of 1908 afore-mentioned, as well as said § 324 of our Code of Civil Procedure refer to proceedings or

suits before courts and do not apply to proceedings before administrative agencies.

The case of *Federal Communications Commission* v. *Pottsville Broadcasting Co.*, 309 U. S. 134, 143, 144, partly reads as follows:

"These differences in origin and function preclude wholesale transplantation of the rules of procedure, trial, and review which have evolved from the history and experience of courts. . . . . . But to assimilate the relation of these administrative bodies and the courts to the relationship between lower and upper courts is to disregard the origin and purposes of the movement for administrative regulation and at the same time to disregard the traditional scope, however farreaching, of the judicial process."

Naturally, when the statute specifically so provides, the Rules of Procedure as regards appeals in ordinary civil actions can be applied to the review of administrative decisions. 73 C.J.S. 539; *State* v. *Rock Island Motor Transit*, 295 N. W. 519. However, that is not the situation in the case at bar.

The provisions embodied in our Planning Act as to the review of decisions and resolutions of the Board by this Supreme Court refer to a particular field and form part of a special law which is subsequent to the general laws on appeals in courts, which laws are included in the general Code of Civil Procedure. Therefore, such provisions of the Planning Act should prevail over those of the Act of March 11, 1908, as amended by Act No. 2 of March 14, 1929, and over § 324 of our Code of Civil Procedure.

■ In the case of *Toledo P. & W. Ry. Co.* v. *Illinois Commerce Commission*, 31 N.E. 2d 293, the special Public Utilities Act fixed the term of sixty days to appeal to the courts and was re-enacted after the enactment of the Civil Practice Act which prescribed a ninety-day period for appeal. Although this latter Act expressly provided that it did not apply to those cases in which procedure was regulated by special statutes,

however, such a statutory provision conforms to the legal principle, the validity of which we acknowledge, to the effect that a general Act which refers to proceedings in the courts shall be subordinated to a subsequent special statute which establishes the procedure to be followed in administrative agencies. A special statute that determines certain procedural requirements as to appeals from decisions of administrative agencies should prevail over a general law referring to appeals in courts, especially if the special statute is of a later date than the general Act. 4 C.J.S. 892; *In re Initiative Provisions No. 1*, 237 Pac. 460; *Carbone* v. *Zoning Board*, 13 A. 2d 462. Said doctrine conforms to the general rule already established to the effect that a special subsequent statute prevails over a previous general act. *París* v. *Canety*, 73 P.R.R. 386; *Abella* v. *Piñero*, 66 P.R.R. 651; *Vázquez* v. *District Court*, 65 P.R.R. 561; in which latter case it is decided that the special Act to Secure the Effectiveness of Judgments prevails over the general provision of the Code of Civil Procedure as to the effect of an appeal from judgment. See also, by analogy, *People ex rel. López* v. *Pérez Peña*, 54 P.R.R. 763; *People* v. *Nieto*, 64 P.R.R. 840.

■■ The Planning Act being of exclusive application as to the requirements which should be observed upon seeking a writ of review before this Court of a decision of the Planning Board, a brief analysis of the statutory provisions which govern this situation is in order. As we have already seen, § 18 of said Act, as amended by Act No. 388 of March 11, 1950, provides that the notifications of the Board's resolutions be sent to the interested individuals. Section 26 provides that any party directly interested may file a petition for review before this Court, within the statutory period. Section 17 of the Planning Regulation No. 1 provides that the interested individual to be served with copies of the decisions shall be the one appearing as the party directly interested from the records of the case and that it shall be the duty of every party directly interested to furnish the Board

with his exact address for the due notification of the resolution adopted.

A liberal construction of such provisions carries with it the criterion, which we approve, that the requirement of service to the individual or party directly interested is complied with by notification to its attorney as the party's agent. *Pike* v. *Pike*, 167 P. 2d 401; 163 A.L.R. 1314; 5 Am. Jur. 315, § 93. But such a construction should not be stretched to the point of concluding that the provisions already cited from the Planning Act and Regulation No. 1 require that the notification be sent exclusively to the attorney and not to the party. The acknowledgment of an alternative between the agent and his principal does not justify the establishment of a whole substitution of the principal by the agent. When the lawmaker has chosen that service be made only on the attorney instead of on the party, he has so specifically provided, as it was done in § 324 of the Code of Civil Procedure which, as we have seen, does not apply to writs of review of decisions of the Planning Board. On the contrary, the Planning Act emphasizes the individual or party "directly interested." Regulation No. 1 provides, as we have seen that "the interested individual" shall be the one who appears as the party directly interested from the records of the case, it being the duty of said party to furnish the Board with his exact address for purposes of notification of its resolutions. There is nothing in such provision which implies the re-enactment of the rule established by the already cited § 324, nor justifies the inference that notice be sent solely to the attorney with total disregard of the party itself.[2]

---

[2] In *Lyydikainen* v. *Industrial Accident Commission* (Cal.) 97 P.2d 993, it is decided that § 1015 of the California Code of Civil Procedure, equivalent to our § 324, applies to a writ of review brought against a decision of the Industrial Accident Commission. The regulations of the Commission provide, in California, that the notices shall be sent by mail to the aggrieved party. It is pointed out that the phrase the "aggrieved party" should be read in connection with said § 1015 to the effect of providing that notice should be made exclusively to the attorney and not to

It could be alleged that from the point of view of natural justice and of social convenience, the requirement of exclusive notice to the attorney affords a greater guarantee and wider protection to the citizens concerned, especially in administrative proceedings. But it is the lawmaker who should consider such factors. The procedure of appeal and of writs of review of decisions of administrative agencies is a matter to be governed by the statutes and not by abstract concepts of justice and social utility, when such acts do not encroach upon the basic constitutional rights of the people nor imply the absence of a hearing and an opportunity to be heard. As a matter of fact, the interpretation we are adopting does not exclude the possibility of notice to the attorney. That should be the administrative policy of the Planning Board, but the reality as reflected by the specific facts of this case shows us that the petitioner itself was actually notified at the exact address which it had left with the Board. There is nothing in the Act that will allow us to arrive at the conclusion that such notice was completely useless and did not have any legal consequences. There is nothing in the Act that will allow us to decide that the fifteen-day statutory period should not be computed from the time that the party itself was notified, if said notice was made to the party prior to the attorney.

■■ In short, the service of resolutions of the Planning Board can be made on the party itself or its attorney and the fifteen-day period fixed by the statute for filing a writ of review before this Court shall be computed from the date in which either one is first notified, in the alternative. In this case the petitioner itself was first notified and over fifteen days had elapsed from the date of said notification until the date on which the petition for review was filed in this Court. Therefore, in view of the statutory provisions which apply in

---

the party. However, it appears from the opinion itself that § 5316 of the Labor Code of California, applicable to the resolutions of the California Industrial Accidents Commission, expressly provides that the notices be made pursuant to the Code of Civil Procedure. Therefore, the case cited does not apply to the one at bar.

this case, we feel constrained to decide that the writ prayed for can not be issued by this Court for want of jurisdiction.

Mr. Acting Chief Justice Snyder and Mr. Justice Negrón Fernández dissented.