The appellant was convicted in the Superior Court of the County of Moore, of the crime of murder.
There was judgment of death against him, and he appealed to this Court. His appeal was docketed here at October Term, 1884.
It appears to the satisfaction of the Court, that pending the appeal, the appellant escaped, and still continues at large, and fails to prosecute his appeal.
At the present Term, the Attorney-General moved to dismiss the appeal, "for that the same has been pending in this Court for more *Page 786 
than two Terms, and the appellant has failed to prosecute it as required by the Rule (5) of said Court."
It is the practice of this Court, to suspend proceedings in a criminal action, when it appears that the appellant has escaped, until he shall be re-arrested, brought within the jurisdiction of the Court, and held to answer according to law. So far as we know and can learn, this practice has been uniform in the past.
The Court will not proceed at the instance of a party charged (946) with crime, after he has escaped, and thus defied the law and its Courts. He has no right to fly, and, at the same time, insist upon such relief and deliverance as the law might afford. His flight is itself a criminal offence, and by it he puts himself in opposition to the law, abandons his defence and his right to relief, while he persists in his flight. The law will not help or encourage an offender to resists and subvert its authority. It does not seek or tolerate revenge, but it demands and requires of every one, due submission to its organized authority, before it will grant relief. It would be false to itself, and absurd, to hear and determine the appellant's appeal, upon its merits, while he escapes — repudiates and resists its authority. Moreover, the Court will not do a vain and nugatory thing. The appellant may never be re-arrested. Then, why hear and determine the appeal? If it be said this should be done, to the end that the Court below may be ready to proceed further in the action there, when and if the appellant shall be re-arrested, it must be said in reply, that while the law does not encourage delay, it is never in a hurry — it contemplates orderly and proper proceeding at the right time, and when its jurisdiction is effectual. If this Court should decide the questions presented by the appeal, and certify its opinion to the Superior Court, that Court would not have actual jurisdiction of the appellant's person, so that it could proceed to judgment and enforce it. The decision would be empty and fruitless. The Court will not ordinarily hear and determine an appeal, when it sees that its orders and judgments cannot be enforced by itself, or through the Superior Court, as the law directs. In the course of just procedure, in a case like this, judicial action should be suspended, when and as soon as the appellant escapes, and so continue, until he shall be again personally brought within the jurisdiction of the Court, and be subject to its orders and judgments. Lex nil facit frustra, nil jubitfrustra.
Besides, to dismiss the appeal, might raise embarrassing questions in the Superior Court, if the appellant should be re-arrested. Would the dismissal reinstate the judgment of death, vacated by the (947) appeal, or operate to leave that judgment in force, as if no appeal *Page 787 
had been taken? Could such a result supervene in the absence of the prisoner, whether such absence be occasioned by his escape or otherwise?
These and like questions, more or less practical, might be raised. It is not at all necessary to raise them, and it is better to avoid them.
We have not found any decision of this Court bearing upon the subject before us, but we find numerous cases decided by other Courts, that substantially support what we have said. An anonymous case, 31 Maine, 592;Commonwealth v. Andrews, 97 Mass. 643; People v. Genet, 59 N.Y. 80;Matter of Genet, 3 Thompson Cook, (N. Y.,) 734; Sharking v. People, Id. 739; Regina v. Cardwell, 79 Eng. Com. Law, 503; Regina v. Chichester, Id. 503.
We are, therefore, of opinion that the motion to dismiss the appeal should not be allowed. It is not, however, necessary to continue it on the current docket of the present Term. It may remain on the docket where it is now entered, to be brought forward to be heard and determined at the suggestion of the Attorney-General or the appellant's counsel, when the appellant shall be re-arrested. The motion must be denied. Motion denied.
Cited: S. v. Pickett, 94 N.C. 972; S. v. Jacobs, 107 N.C. 776.