[No. 4127. Decided March 1, 1902.]

THE STATE OF WASHINGTON, *Respondent*, v. F. N. HANDY, *Appellant.*

CRIMINAL LAW — ESCAPE OF APPELLANT FROM CUSTODY — DISMISSAL OF APPEAL.

Where the accused in a criminal case breaks jail and becomes a fugitive from justice pending the hearing of an appeal taken by him, the supreme court will direct a dismissal of the appeal to become effective on a day named, unless the appellant shall in the meantime have yielded himself into custody.

Appeal from Superior Court, King County.—Hon. ARTHUR E. GRIFFIN, Judge. Appeal dismissed.

*Walter S. Fulton,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was convicted in the superior court of the state of Washington for King county, on May 31, 1901, of the crime of obtaining money under false pretenses. On July 29, 1901, final judgment was entered, sentencing the appellant to a term of two years in the penitentiary. Thereupon he gave notice of appeal to this court. This is a motion to dismiss the appeal upon the ground that, since the taking of said appeal, appellant has broken jail and has become a fugitive from justice. This motion is supported by affidavits showing that on the 2d day of November, 1901, appellant broke jail and escaped from the custody of the sheriff of King county, and that he is still a fugitive from justice, with his whereabouts unknown.

It has been uniformly decided that an appellate court will refuse to hear a criminal case on an appeal or writ of error where appellant or plaintiff in error has escaped and is not within the control of the court below, either actually by being in custody, or constructively by being out on bail. It was decided in *People v. Genet,* 59 N. Y. 80 (17 Am. Rep. 315), that courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of the person charged with the crime, when such person has escaped out of custody, and no order can be enforced against him. In *Commonwealth v. Andrews,* 97 Mass. 543, it was said:

"The defendant, by escaping from jail where he was held for the purpose of prosecuting these exceptions and abiding the judgment of the court thereon, has voluntarily withdrawn himself from the jurisdiction of the court. He is not present in person, nor can he be heard by attorney. . . . If a new trial should be ordered, he is not here to answer further; if the exceptions are overruled, a sen-

tence cannot be pronounced and executed upon him.   .   .
.   So far as the defendant has any right to be heard under .
the constitution, he must be deemed to have waived it by
escaping from custody and failing to appear and prosecute
his exceptions in person, according to the order of court
under which he was convicted."

It was said by Mr. Chief Justice WAITE in discussing
this question in *Smith v. United States*, 94 U. S. 97,—a
case where the appellant had escaped from custody:

"If we affirm the judgment, he is not likely to appear to
submit to his sentence.   If we reverse it and order a new
trial, he will appear or not, as he may consider most for
his interest.   Under such circumstances, we are not
inclined to hear and decide what may prove to be only a
moot case."

See, also, *People v. Redinger,* 55 Cal. 290 (36 Am.
Rep. 32), and 7 Enc. Pl. & Pr. 925, and cases cited.

The usual practice in such cases seems to be to make an
order directing the dismissal of the appeal, to take effect
on a certain day, unless in the meantime the appellant
returns and delivers himself into custody.   In conformity
with such practice, the appeal in this case will be dismissed
sixty days from the date of filing this opinion, unless be-
fore that time the appellant returns and delivers himself
into custody.

REAVIS, C. J., and HADLEY, FULLERTON, WHITE, AN-
DERS and MOUNT, JJ., concur.