[No. 18368.   Department Two.   January 28, 1924.]

THE STATE OF WASHINGTON, *on the Relation of John Soudas, Plaintiff*, v. OTIS W. BRINKER, *Judge of the Superior Court, Respondent*.[1]

APPEAL (287)—RECORD—STATEMENT OF FACTS—TIME FOR FILING—COMPUTATION. Rem. Comp. Stat., § 393, requiring a proposed statement of facts to be served within thirty days, which can be enlarged not to exceed sixty days additional, is mandatory and jurisdictional; and in a criminal case the time does not cease to run during the time that the appellant was at large after an escape.

APPEAL (354)—DISMISSAL—DISCRETION. Whether, on an escape by appellant, the appeal will be dismissed hence, or as of some future date, is matter wholly of discretion; and the supreme court will not reinstate an appeal, where the appellant escaped and was long at fault.

Application filed in the supreme court November 19, 1923, for a writ of mandamus to the superior court for King county, Brinker, J., to compel the certification of a statement of facts, and motion to reinstate appeal. Denied.

*Paul Carrigan* and *Eimon L. Wienir*, for relator.

*Malcolm Douglas* and *T. H. Patterson*, for respondent.

BRIDGES, J.—By this proceeding, relator seeks a writ requiring the respondent, Otis W. Brinker, one of the judges of the superior court for King county, to sign and certify a proposed statement of facts.

[1]Reported in 222 Pac. 615.

The facts are these: On Jan. 31, 1917, judgment was entered by the superior court for King county in the case of state of Washington v. John Soudas (relator here), sentencing him to the state penitentiary for life. On the same day, Soudas gave notice of appeal to this court. By stipulation between the parties, it was agreed that he should have ninety days from the date of the judgment of sentence within which to file and serve his proposed statement of facts. Before the expiration of the ninety days and before any proposed statement of facts was served or filed, and on March 4, 1917, he made his escape from the King county jail and was not again taken into custody by the peace officers of this state until July 30, 1923—some six years after his escape. He served and filed his proposed statement of facts August 15, 1923. No amendments were offered.

If the time he was at large be eliminated, he filed and served his proposed statement of facts within the stipulated ninety-day period. After notice duly given, Soudas presented his proposed statement of facts to the respondent judge for certification as provided by statute. The court having refused to certify the statement, this proceeding was instituted to compel him so to do.

Some weeks after Soudas escaped from jail, the prosecuting attorney of King county brought to this court a short record in the appealed case of *State v. Soudas*, being number 14199 of this court, and moved for the dismissal of the appeal because the proposed statement of facts, transcript and briefs had not been served or filed within the time provided by law, or at all, and because the appeal had not been diligently prosecuted and because the appellant therein had previously escaped from jail and was at that time at

large. This motion to dismiss was granted, and on May 18, 1917, the appeal was dismissed.

The appellant in that case has now made application to this court to vacate its order dismissing the appeal and to reinstate the appeal, such motion being based to a large extent upon the facts hereinbefore related. The application for the writ and the motion to reinstate have been argued together.

We will first dispose of the application for the writ. The relator contends that it was the duty of the respondent judge to sign and certify the proposed statement of facts without reference to the time of its filing, and that it is for this court and not the superior court to determine whether the statement of facts has been filed within the statutory period.

We cannot agree with this position. Our statute provides that a proposed statement of facts must be filed and served within thirty days after the time begins to run within which an appeal may be taken, but the time may be enlarged not to exceed sixty days additional. Section 393, Rem. Comp. Stat. [P. C. § 7821]. We have often held that this statute is mandatory and jurisdictional and that, under no circumstances, may the time for the filing of a statement of facts be extended beyond the ninety-day period and that, under any and all circumstances, a statement of facts so filed is too late and will not be considered. Discussing this question in the case of *State v. White,* 40 Wash. 428, 82 Pac. 743, we said:

"The right of appeal in such cases is no doubt granted by the constitution, but the procedure on appeal is entirely statutory, and this court is powerless to grant relief against a failure to comply with the mandatory requirements of the statutes governing appeals. Two of these mandatory requirements are, that an appeal from a final judgment must be taken

within ninety days from the date of rendition, and that the time for filing and serving a proposed statement of facts or bill of exceptions cannot be extended beyond ninety days from the entry of the judgment or order appealed from.''

In *State v. Terrien,* 111 Wash. 345, 190 Pac. 1017, we said:

''Under the holdings of this court the filing of the statement of facts or bill of exceptions within the statutory time is jurisdictional and, after this time has expired, the court cannot extend the time and permit a statement of facts or bill of exceptions to be filed.''

Other of our decisions to the same effect will be found cited in the case just quoted from.

Under these authorities, a proposed statement of facts filed more than ninety days after the time of appeal begins to run is wholly unauthorized and is a nullity, and the trial court is without jurisdiction to certify it. But did that court certify this proposed statement we would be required to strike it for the reasons we have given. We will not do a useless thing and require the lower court to certify to the statement simply that we may strike it after it has reached here.

But the relator contends that the time within which the statement of facts can be filed ceased to run when he escaped jail and during the time he was at large, because the court did not have jurisdiction over him and because it was impossible for him to proceed with his appeal. In other words, the argument is that, in determining the ninety-day period within which the statement of facts may be filed we must eliminate the period commencing with relator's escape from jail and ending when he was again taken into custody, and that by eliminating such time the statement has been filed and served within the statutory ninety-day period.

What we have heretofore said is a complete answer to this contention. Relator cites several cases in sup-

port of this contention, but we think none of them is in point with the possible exception of *State v. McMillan,* 94 N. C. 945, and *State v. Johnson,* 44 S. C. 556, 21 S. E. 806. But it is probable that, under the statutes of those states, the filing of a proposed statement of facts within a designated period is not jurisdictional, in which event the cases would not be pertinent here.

Appellant also cites *Rogers v. Savage,* 117 Wash. 521, 201 Pac. 768, as supporting his contention with reference to suspension of time. That case is not in point. It did not hold that a proposed statement of facts may be filed after ninety days immediately following the date the time of appeal commences.

The trial court was right in refusing to certify the proposed statement of facts and we refuse to issue the writ asked for.

The motion in the original appeal case to reinstate the appeal is based on one ground in addition to those which we have already noticed, and that is, that it is the custom, or practice, of courts of appeal to refuse to dismiss an appeal at once upon a showing that the appellant had escaped from confinement pending the appeal, but will order the appeal dismissed on a certain future date if the appellant does not by that time surrender himself to the proper officers. We followed such a practice in *State v. Handy,* 27 Wash. 469, 67 Pac. 1094, where we said:

"The usual practice in such cases seems to be to make an order directing the dismissal of the appeal, to take effect on a certain date, unless in the meantime the appellant returns and delivers himself into custody. In conformity with such practice, the appeal in this case will be dismissed sixty days from the date of filing this opinion, unless before that time the appellant returns and delivers himself into custody."

Some other courts have followed the same practice. But whether the court will dismiss at once or as of some

future date is a matter of discretion wholly. The practice is not according to nor based upon any statute and is in no manner binding. In this particular case we refuse to exercise our discretion to dismiss as of some future date. The fault is entirely with the appellant that his appeal was dismissed and that he did not file his statement of facts within the statutory period, and we see no reason why we should, at this late date, set aside our former order dismissing the appeal, and we refuse so to do.

The writ applied for is denied. Let an order be entered in cause No. 14199, being State of Washington v. John Soudas, denying the motion to vacate the order dismissing the appeal.

MAIN, C. J., MITCHELL, and PEMBERTON, JJ., concur.

FULLERTON, J., concurs in the result.