[No. 43206. En Banc. December 5, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES THEODORE MOSLEY, *Petitioner*.

[See Ann. 9 A.L.R.3d 498, § 13; 4 Am. Jur. 2d, Appeal and Error § 275.]

*Vonasch & Wilson* and *James L. Vonasch*, for petitioner.

*Christopher T. Bayley, Prosecuting Attorney*, by *Bruce M. Ries, Deputy*, for respondent.

ROSELLINI, J.—By jury verdict the petitioner was found guilty of the crimes of second-degree assault and second-degree murder. The evidence showed that the victim, an elderly man, who was walking on Pike Street near Fourth Avenue in the city of Seattle, was struck in the face by another pedestrian. He fell and suffered a skull fracture. He died 2 weeks later as a result of this fracture. At the trial the petitioner was identified as the assailant by a young woman who had observed the occurrence from a bus stop island opposite the scene of the encounter.

The conviction was appealed to the Court of Appeals, which affirmed. We granted a petition for review to reconsider the rule laid down by this court in *State v. Harris*, 69

Wn.2d 928, 421 P.2d 662 (1966), construing RCW
9.48.040(2). That paragraph of the statute makes the kill-
ing of a human being, unless it is excusable or justifiable,
murder in the second degree when perpetrated by a person
engaged in the commission of a felony other than those
enumerated in RCW 9.48.030, which defines murder in the
first degree. A majority of this court in *State v. Harris,
supra,* held that a second-degree murder charge can be
sustained without a proof of intent to kill upon proof that
the killing of the victim resulted from an assault on him by
the accused. That holding appears to be contrary to the
general rule. *See* Annot., 40 A.L.R.3d 1341 (1971).

Before the day set for hearing of oral argument, the
court was notified that the petitioner had escaped from
custody of the Department of Social and Health Services.
We thereupon entertained a motion to dismiss the appeal.
Briefs supporting and opposing such dismissal were invited
and have been received by the court.

█   In criminal cases the rule is well settled that where
the defendant flees from the jurisdiction pending the ap-
peal, he thereby waives his right to prosecute the appeal,
unless within a time fixed he returns and surrenders him-
self into the custody of the proper officer or gives bail for
his appearance. *Allen v. Georgia,* 166 U.S. 138, 41 L. Ed.
949, 17 S. Ct. 525 (1897); *State v. Handy,* 27 Wash. 469, 67
P. 1094 (1902). *Accord, Pike v. Pike,* 24 Wn.2d 735, 167
P.2d 401, 163 A.L.R. 1314 (1946); *State ex rel. Soudas v.
Brinker,* 128 Wash. 319, 222 P. 615 (1924); *Jones v. Jones,*
75 Wash. 50, 134 P. 528 (1913).

In *State ex rel. Soudas v. Brinker, supra,* the defendant
had escaped before the statement of facts was filed and was
not apprehended until 6 years later. This court held that
the time for filing of the statement of facts had expired and
that the appeal would be dismissed immediately. This court
stated that whether the court will dismiss the appeal at
once or at some future date is a matter of discretion. In
*State v. Schrader,* 135 Wash. 650, 238 P. 617 (1925), this
court refused to dismiss an appeal where the defendant,

who had either escaped or been discharged from a state mental hospital, had been returned to the jurisdiction of the court before sentence was pronounced and the initiatory steps of appeal were taken.

See also *Eisler v. United States,* 338 U.S. 189, 93 L. Ed. 1897, 69 S. Ct. 1453 (1949) and *National Union of Marine Cooks v. Arnold,* 348 U.S. 37, 99 L. Ed. 46, 75 S. Ct. 92 (1954).

In *Allen v. Georgia, supra,* the defendant asked the Supreme Court of the United States to reverse a state court order refusing to reinstate his appeal after he had been returned to the jurisdiction. The Supreme Court said, at page 141:

> We cannot say that the dismissal of a writ of error is not justified by the abandonment of his case by the plaintiff in the writ. By escaping from legal custody he has, by the laws of most, if not all, of the States, committed a distinct criminal offence; and it seems but a light punishment for such offence to hold that he has thereby abandoned his right to prosecute a writ of error, sued out to review his conviction. Otherwise he is put in a position of saying to the court: "Sustain my writ and I will surrender myself, and take my chances upon a second trial; deny me a new trial and I will leave the State, or forever remain in hiding." We consider this as practically a declaration of the terms upon which he is willing to surrender, and a contempt of its authority, to which no court is bound to submit. It is much more becoming to its dignity that the court should prescribe the conditions upon which an escaped convict should be permitted to appear and prosecute his writ, than that the latter should dictate the terms upon which he will consent to surrender himself to its custody.

In *State v. Handy, supra,* our leading case upon the subject, we quoted with approval at page 471 the following statement by Mr. Chief Justice Waite, in *Smith v. United States,* 94 U.S. 97, 24 L. Ed. 32 (1876), a case where the appellant had escaped from custody:

> "If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a

new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may prove to be only a moot case."

The petitioner's counsel acknowledges that the procedure followed in *State v. Handy, supra,* is the prevailing practice. He does not question its constitutionality. He does suggest, however, that the court should modify the rule of that case to provide that if upon an examination of the merits of the case at hand it appears that the record does not support a conviction, the court should decide the case, since its judgment can be executed without the appearance of the defendant. We do not decide now whether such a modification would be appropriate in a case where the record shows there was no evidence to sustain the verdict, or any verdict under the charge. This is not such a case. While the evidence against the petitioner was not of the most reliable nature, its weight was for the jury. Should the court rule upon the merits of the petitioner's objection to instructions given under RCW 9.48.040(2), a new trial would be ordered, not a dismissal. The rationale of *State v. Handy, supra,* is therefore applicable.

As we said in that case, the usual practice in cases of this sort is to make an order directing the dismissal of the appeal to take effect on a certain day, unless in the meantime the appellant returns and delivers himself into custody. In conformity with such practice, the appeal in this case will be dismissed on the date of filing this opinion, if, prior to that time, the appellant has not delivered himself into custody.

HALE, C.J., and FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.