[No. 6384–1.   Division One.   July 2, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. RONNIE BECK, *Appellant.*

FARRIS, J., concurs by separate opinion; RINGOLD, J., dissents by separate opinion.

*Robert Olson* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James A. Trujillo, Deputy,* for respondent.

WILLIAMS, J.—Ronnie Beck was charged by complaint in district court with contributing to the delinquency of a minor. The trial in that court resulted in sustaining the charge, and Beck thereupon appealed to Superior Court. In that court, the case was set to be tried on December 6, 1977, but because of defense motions raising a constitutional issue, the trial date was continued to January 26, 1978.

On January 6, 1978, Beck, temporarily at liberty under a work release program, did not return to custody. His motions were stricken from the motion calendar and on the 17th, the State moved to dismiss the appeal. That motion was noted for hearing on February 8, following. Nothing happened on January 26, the trial date. The defendant was arrested shortly before February 8, and appeared with his counsel when the State's motion to dismiss was called. The court granted the motion and this appeal followed.

■ Beck's sole contention is that his appeal from district court should not have been dismissed because he returned to the jurisdiction of the court before the motion to dismiss was heard. RCW 10.10.010 required Beck to prosecute his appeal. The implementing rule provides that "If, after a hearing, it is determined that appellant has not met time requirements, the cause shall be dismissed." JCrR 6.03(b). Beck, offering no excuse, did not meet the time of trial requirement. The court acted quite properly in dismissing the appeal because Beck was "voluntarily absent on the assigned trial date."

Beck, relying upon *State v. Mosley,* 84 Wn.2d 608, 528 P.2d 986 (1974), contends that he was entitled to a grace period following the filing of the State's motion to dismiss

to give him a chance to return before his appeal was dismissed. This is a considerate rule and, although there is the problem of notice, should be followed when appropriate. An appellate court should spend no time processing an appeal by a person who is a fugitive from its jurisdiction, but, ordinarily, there is no harm done if the court sets a reasonable time certain for him to appear and he does so. That is not this case.

In this case, the defendant asked that the charges against him be retried in the Superior Court, a trial date was set, and, when it arrived, he was gone. He has offered no excuse for not appearing. A person charged in a trial court who, without excuse, does not appear for his trial is not given a second chance; he is tried *in absentia. State v. LaBelle,* 18 Wn. App. 380, 568 P.2d 808 (1977). There is no reason to try Beck *in absentia* because he has already been tried and convicted in the district court. The Superior Court was correct in dismissing the appeal.

Affirmed.

FARRIS, J. (concurring)—Beck was tried and convicted of contributing to the delinquency of a minor in a nonjury trial in the Roxbury District Court on August 10, 1977. He appealed the conviction to the King County Superior Court for a trial de novo which was set to be heard on December 6, 1977. Prior to that date, Beck's counsel had filed several motions, including a motion to dismiss the charges based upon the unconstitutionality of the statute under which the complaint had been filed. The trial judge to whom the case was assigned concluded that the notice raising the constitutional issue gave too short a time for proper presentation and continued the matter to January 26, 1978.

Defense motions were thereafter noted for argument on January 12, 1978. During the pendency of this prosecution, Beck was in custody and a participant in the King County jail work release program. On January 6, 1978, he failed to return to jail from work. On January 12, 1978, Beck's motions were stricken from the criminal motions calendar

because of his abscondence. On January 17, 1978, the State filed a motion to dismiss the appeal which was noted for hearing on February 8, 1978.

Beck was arrested sometime after January 26, 1978, and returned to custody. On February 8, 1978, the court, with Beck in attendance, granted the State's motion to dismiss the appeal to Superior Court. Beck appealed the order of dismissal.

He argues that it is error to dismiss his appeal even though he escaped since he was returned to custody before the order of dismissal was entered. He contends that being present and prepared for argument on February 8 entitled him to proceed with his appeal. The State contends that a defendant who fails diligently to prosecute his appeal is subject to having the appeal dismissed. It is argued that the decision is discretionary and there was no abuse of discretion here. The State also cites civil decisions holding that disobedience of a court order may justify the dismissal of the appeal.

The Supreme Court first considered the effect of the escape of a criminal defendant while his appeal was pending in *State v. Handy*, 27 Wash. 469, 67 P. 1094 (1902). Relying on cases from New York, Massachusetts, California and the United States Supreme Court, our court held:

> It has been uniformly decided that an appellate court will refuse to hear a criminal case on an appeal or a writ of error where appellant or plaintiff in error has escaped and is not within the control of the court below, either actually by being in custody, or constructively by being out on bail.

*State v. Handy, supra* at 470. As rationale for the rule, the court at page 471 quoted with approval Mr. Chief Justice Waite in *Smith v. United States*, 94 U.S. 97, 24 L. Ed. 32 (1876):

> "If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not

inclined to hear and decide what may prove to be only a moot case."

The court continued:

> The usual practice in such cases seems to be to make an order directing the dismissal of the appeal, to take effect on a certain day, unless in the meantime the appellant returns and delivers himself into custody. In conformity with such practice, the appeal in this case will be dismissed sixty days from the date of filing this opinion, unless before that time the appellant returns and delivers himself into custody.

*State v. Handy, supra* at 471.

The grace period in *Handy* must be considered in light of the discussion in *State ex rel. Soudas v. Brinker,* 128 Wash. 319, 323–24, 222 P. 615 (1924), where the court said in response to a motion to reinstate the appeal:

> Some other courts have followed the same practice. But whether the court will dismiss at once or as of some future date is a matter of discretion wholly. The practice is not according to nor based upon any statute and is in no manner binding. In this particular case we refuse to exercise our discretion to dismiss as of some future date. The fault is entirely with the appellant that his appeal was dismissed and that he did not file his statement of facts within the statutory period, and we see no reason why we should, at this late date, set aside our former order dismissing the appeal, and we refuse so to do.

The State and Beck rely upon the most recent Supreme Court decision, *State v. Mosley,* 84 Wn.2d 608, 528 P.2d 986 (1974). Following conviction, Mosley appealed to the Court of Appeals which affirmed the trial court. The Supreme Court then granted his petition for review but before the day set for oral argument, the court was notified that Mosley had escaped from custody. A motion to dismiss the appeal followed and the court held:

> In criminal cases the rule is well settled that where the defendant flees from the jurisdiction pending the appeal, he thereby waives his right to prosecute the appeal, unless within a time fixed he returns and surrenders

himself into the custody of the proper officer or gives bail for his appearance.

*State v. Mosley, supra* at 609.

The question was subsequently before us in *State v. Nason,* 20 Wn. App. 433, 579 P.2d 366 (1978). Nason appealed from a first–degree perjury conviction. On February 11, 1978, he failed to return from a work release program to which he had been assigned by the state penitentiary. He was placed on escape status and was still at large on March 7, 1978, the date scheduled for oral argument of his appeal. Prior to the oral argument on the merits, the prosecuting attorney moved for dismissal of the appeal. The court orally ruled that the appeal would be dismissed if the defendant had not voluntarily or involuntarily been returned to custody within 10 days after March 6, 1978. He did not and on April 19, 1978, we declined to consider the appeal and affirmed.

Neither *State v. Mosley, supra,* nor *State v. Handy, supra,* hold that a trial court *must* delay entry of an order dismissing the appeal of an escaped defendant for a period of time to allow the escapee to return or be returned to custody. The only Washington case that directly addresses this issue, *State ex rel. Soudas v. Brinker, supra,* makes the decision to dismiss an appeal under such circumstances discretionary. *State ex rel. Soudas v. Brinker, supra* at 322. Beck's return to custody prior to entry of the order of dismissal on February 8 does not preclude dismissal of his appeal. He was not in custody on the scheduled January 26 hearing date. Both the United States Supreme Court and the Ninth Circuit have held that dismissal is appropriate when a convicted escapee does not return to custody in time for his appeal. *Molinaro v. New Jersey,* 396 U.S. 365, 24 L. Ed. 2d 586, 90 S. Ct. 498 (1970); *United States v. Wood,* 550 F.2d 435 (9th Cir. 1976); *United States v. Villegas–Codallos,* 543 F.2d 1124 (9th Cir. 1976). The trial court, at the February 8 hearing, could properly dismiss the appeal when it was established that Beck had voluntarily

absented himself from the jurisdiction on the date set to hear his appeal.

I would affirm.

RINGOLD, J. (dissenting)—The opinions by my esteemed brothers Williams and Farris arrive at the same result for different reasons. I respectfully dissent to each.

My brother Williams' opinion makes the dismissal entirely discretionary, without any standards or guidelines. While the defendant could have been tried *in absentia* on January 26, 1978, there is no record made of any action taken by the courts on the date set for trial. Secondly, it is the Superior Court that is dismissing the appeal in this case; RCW 10.10.010 applies only to courts of limited jurisdiction, and is therefore inapplicable here. JCrR 6.03(b) again has no application here because its time requirements were met and the Superior Court had jurisdiction to hear the case.

My brother Farris' opinion deals precisely with the issue before the court but he seeks to make the grace period discretionary rather than mandatory, relying upon *State ex rel. Soudas v. Brinker,* 128 Wash. 319, 222 P. 615 (1924). The reliance upon *Soudas* is misplaced.

*Soudas* is the only Washington case brought to our attention wherein the court suggested it would not follow the practice allowing a grace period. In *Soudas* the judgment and sentence were entered by the Superior Court on January 31, 1917, and on the same day Soudas gave notice of appeal. On March 4, 1917, before any proposed statement of facts was served and filed, Soudas escaped from the King County jail. On May 18, 1917, the appeal was dismissed because of Soudas' escape. He was not again in custody until July 30, 1923, more than 6 years after his escape. Under the statutes and appellate rules then in effect, timely filing of a properly certified statement of facts was jurisdictional. After his return to custody, Soudas sought a writ to compel the trial court to sign and certify a proposed statement of facts and moved to reinstate the appeal. The

Supreme Court held that the filing of the proposed statement of facts more than 90 days after the time of the appeal begins to run

> is wholly unauthorized and is a nullity, and the trial court is without jurisdiction to certify it. But did that court certify this proposed statement we would be required to strike it for the reasons we have given. We will not do a useless thing and require the lower court to certify to the statement simply that we may strike it after it has reached here.

*State ex rel. Soudas v. Brinker, supra* at 322. The court's discussion at pages 323–24 of the discretionary nature of the grace period is surplusage to the jurisdictional basis of the opinion, and therefore not binding authority.

It must be borne in mind that the dismissal of an appeal because a defendant has escaped from custody is an extraordinary penalty imposed upon a defendant in addition to the others which may follow as a result of his escape. RCW 9A.76.120–.130. Ordinarily a party who does not appear or is not present or has left the jurisdiction does not jeopardize the hearing of the appeal and a disposition of the cause by the appellate court. The justification and reasons for the rule that the escape of a defendant puts him in jeopardy of dismissal of his appeal was well set forth by Mr. Chief Justice Waite in 1876 and approved by our Supreme Court in *State v. Handy,* 27 Wash. 469, 67 P. 1094 (1902). The theory is that the courts will not give their time to proceedings which, for their effectiveness, must depend upon the person charged with the crime. Our court then promulgated this special rule dealing with the narrow situation dealing with the escape of a defendant when his cause is on appeal. When the defendant, however, is present and ready to proceed to trial before the appeal has been dismissed the Waite rationale is not served by imposing the rule.

I, therefore, would hold that when a defendant escapes he is jeopardizing his appeal but his escape does not end the appeal without an opportunity for him to reappear. The

648

reasons articulated by Mr. Chief Justice Waite for the rule are still the only valid reasons that an appeal should be dismissed. Further, the rule of lenity, while traditionally a rule of criminal statutory construction, should be held applicable to a situation, such as here, where absent binding precedent the court may choose whether to allow to stand a duplicative and harsh penalty for conduct punishable by less severe and more appropriate measures. *Simpson v. United States,* 435 U.S. 6, 55 L. Ed. 2d 70, 98 S. Ct. 909 (1978); *State v. Workman,* 90 Wn.2d 443, 454, 584 P.2d 382 (1978).

Proper procedure requires that when a defendant escapes from custody before an order is entered dismissing his pending appeal there must be a mandate from the court having jurisdiction directing the dismissal of the appeal to take effect on a day certain unless in the meantime the appellant returns to custody. The criminal statutes provide ample means to penalize a defendant for absconding. RCW 9A.76.120–.130.

I would therefore reverse and remand for reinstatement of the appeal and a de novo trial.

Reconsideration denied August 16, 1979.