[No. 12013–1–I.   Division One.   August 15, 1983.]

*In the Matter of the Personal Restraint of*
RICHARD C. ROUNTREE, *Petitioner.*

*Richard C. Rountree,* pro se.

*Norm Maleng, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

WILLIAMS, J.—Richard C. Rountree filed a personal restraint petition in this court[1] claiming that he was

---

[1]Originally assigned cause number 12061–1–I, this petition was consolidated

arrested without probable cause in violation of the fourth amendment to the United States Constitution and evidence gained as a result of that arrest should not have been admissible at his trial.[2] We dismiss the petition because a criminal defendant who has had the opportunity for full and fair litigation of his Fourth Amendment claim at trial and on direct appeal may not be granted relief from personal restraint on the basis that evidence obtained through an unconstitutional search or seizure was introduced at his trial.

Rountree was convicted by jury verdict of two counts of violation of the Uniform Controlled Substances Act, judgment of guilt was entered on September 8, 1978, and a timely notice of appeal was filed in this court. After briefs were submitted by both parties, but before oral argument was heard, Rountree escaped from custody, thereby waiving his right to prosecute the appeal, *State v. Handy,* 27 Wash. 469, 471, 67 P. 1094 (1902), and causing its dismissal, *State v. Mosley,* 84 Wn.2d 608, 528 P.2d 986 (1974); *State v. Nason,* 20 Wn. App. 433, 579 P.2d 366 (1978). Upon his return to custody, Rountree filed this petition, requesting resolution of the same issue he raised, then abandoned, on direct appeal.[3]

The United States Supreme Court was presented with the same problem in *Stone v. Powell,* 428 U.S. 465, 49

---

with another personal restraint petition filed by Rountree and assigned cause number 12013–1–I.

[2]The exclusionary rule, devised to protect Fourth Amendment rights, is applicable to the states through the due process clause of the Fourteenth Amendment. *Mapp v. Ohio,* 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A.L.R.2d 933 (1961).

[3]Personal restraint petitions are provided an expedited procedure whereby the prompt decision on their merits required by court rule may be rendered. RAP 16.11(a). By filing a photocopy of his appellate brief in the form of a personal restraint petition, Rountree received a hearing in this court at least 4 months earlier than criminal defendants who filed notices of appeal on the same day. The irony of this situation is not lost upon a court battling to afford criminal defendants a more timely resolution of their appeals.

L. Ed. 2d 1067, 96 S. Ct. 3037 (1976), in which the Court said:

> Respondents allege violations of Fourth Amendment rights guaranteed them through the Fourteenth Amendment. The question is whether state prisoners—who have been afforded the opportunity for full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state courts at trial and on direct review—may invoke their claim again on federal habeas corpus review. The answer is to be found by weighing the utility of the exclusionary rule against the costs of extending it to collateral review of Fourth Amendment claims.

*Stone,* at 489.

The Court stated that the costs of applying the exclusionary rule are severe, in that it

> deflects the truthfinding process and often frees the guilty. The disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the rule is contrary to the idea of proportionality that is essential to the concept of justice.

(Footnote omitted.) *Stone,* at 490.

Where, as here, a request to apply the exclusionary rule arises by way of a collateral attack on a valid judgment, the costs to society of applying the rule are most pronounced. Unlike the attack on the factual basis supporting the guilty plea at issue in *In re Hews,* 99 Wn.2d 80, 660 P.2d 263 (1983), a question directly connected with the truthseeking function of the courts, Rountree's petition presents a question of whether the quest for truth should be subverted by a ruling that material and probative evidence should have been excluded at his trial. Such a ruling would undermine both the criminal justice system's search for truth and society's interest in the finality of judgments while not appreciably advancing Fourth Amendment interests.

The Supreme Court concluded:

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief

on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. In this context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of application of the rule persist with special force.

(Footnotes omitted.) *Stone,* at 494–95.

The same is true in this case. Rountree was afforded a full and fair opportunity to litigate his Fourth Amendment claim at trial and on direct appeal. The constitution requires no more.

The petition is dismissed.

In his second personal restraint petition,[4] Rountree presents two claims, both of constitutional magnitude, which must be addressed even though he previously withdrew them from appellate consideration by escaping from custody. *In re Hews, supra.* Pursuant to RCW 2.06.040, our disposition of these claims, having no precedential value, will be filed as a public record but will not be published in Washington Appellate Reports.

SWANSON and CALLOW, JJ., concur.

---

[4]This petition seeks relief from restraint imposed pursuant to a judgment entered September 18, 1978, finding Rountree guilty of two counts of violating the Uniform Controlled Substances Act.